# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**Tracy Brownell,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0721** (BOR Appeal No. 2056404)
(Claim No. 2014022066)

**Greenbrier Veterinary Hospital,**
**Employer Below, Respondent**


# MEMORANDUM DECISION

Petitioner Tracy Brownell, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Greenbrier Veterinary Hospital, by Counsel Steven K. Wellman, filed a timely response.

The issue on appeal is an additional compensable condition. The claims administrator denied a request to add lumbar spondylosis to the claim on March 9, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its February 22, 2021, Order. The Order was affirmed by the Board of Review on August 23, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Brownell, a dog groomer, injured her lumbar spine in the course of her employment on September 6, 2013. The Employees' and Physicians' Report of Injury, completed that day, indicates Ms. Brownell injured her head, arm, and lower back when she tripped over a chair. The physician's section was completed at MedExpress on November 27, 2013, and indicates she sustained an occupational lumbar injury. The claim was held compensable for the diagnosis of "lumbar spine" on December 3, 2013.

A lumbar MRI was performed on December 29, 2013, and showed a left L5-S1 disc herniation, bulging at L3-4 and L4-5, and degenerative disc disease. Ms. Brownell sought treatment from Abel Koja, M.D., on January 29, 2014, who stated that the MRI was consistent with L3-S1 degenerative disc disease. He noted that she was morbidly obese and diagnosed lumbosacral spondylosis without myelopathy and sacroiliac disorder.

Jerry Scott, M.D., performed an Independent Medical Evaluation on March 11, 2014, in which he opined that Ms. Brownell suffered a sprain/strain as a result of the compensable injury and that she had reached maximum medical improvement. He stated that any further treatment would be directed at her preexisting degenerative disc disease.

On December 23, 2014, Matthew Walker, M.D., treated Ms. Brownell for low back and bilateral leg pain for which he recommended a referral to pain management. Ms. Brownell underwent a lumbar myelogram on April 14, 2015, which revealed multilevel degenerative disc disease combined with congenitally short lumbar pedicles. This resulted in multilevel central canal and neuroforaminal stenosis, most significant at L4-5. A Diagnosis Update was completed at MedExpress on August 18, 2015. It indicated diagnoses of herniated L5-S1 disc and broad-based disc bulging at L3-4 and L4-5. On May 3, 2016, the Office of Judges reversed a September 18, 2015, claims administrator decision, and added L5-S1 herniated disc and broad-based disc bulging at L3-4 and L4-5 to the claim.

Ms. Brownell returned to Dr. Walker on March 6, 2018, for low back pain and numbness in her extremities. It was noted that she was previously seen in 2014 and that she now reported that her symptoms had significantly worsened. She stated that in addition to bilateral leg numbness, she also experienced weakness in her left leg, and her legs frequently gave out on her. Ms.

Brownell previously attempted conservative measures but saw no relief in her symptoms. After examination, Dr. Walker diagnosed morbid obesity, lumbar radiculopathy, and other musculoskeletal issues. He noted that Ms. Brownell 's history and examination were positive for lumbar radiculopathy after a work-related fall. Ms. Brownell was not currently a surgical candidate due to her weight, but she was pursuing gastric bypass surgery. Dr. Walker recommended follow up and a new MRI after the surgery was performed.

A May 12, 2018, lumbar MRI showed left lateral recess stenosis at L1-2 and mild central stenosis at L2-3 and L3-4. It was noted that there were significant issues at L4-5 including disc space narrowing, degenerative reactive sclerosis, first-degree spondylolisthesis of L4 on L5, a large disc herniation, severe focal central spinal stenosis, and left lateral recess stenosis. On December 12, 2018, Ms. Brownell was seen by Rita Mazagri, M.D., who noted that Ms. Brownell's weight loss surgery did not improve her lower back symptoms. Her physician's assistant, Suzanne Spooner, noted that the lower back pain and bilateral numbness were most likely the result of severe spinal stenosis at L4-5.

Joseph Grady, M.D., performed an Independent Medical Evaluation on April 9, 2019, in which he diagnosed chronic lumbosacral myofascial pain with multilevel lumbar spondylosis, most significant at L4-5. Ms. Brownell stated that despite her significant weight loss, her back pain had not improved. Dr. Grady opined that surgery may or may not help her symptoms. He noted that she had a history of diabetes, her sensory abnormality was in a very nonspecific distribution, and he could not exclude the possibility of underlying diabetic neuropathy. Dr. Grady concluded that the progression of Ms. Brownell's degenerative changes, particularly those at L4-5, were most likely the result of a natural progression, particularly given that Ms. Brownell was morbidly obese until recently. Dr. Grady could not specifically attribute the L4-5 disc herniation to the compensable injury because the herniation was not present on the December 29, 2013, MRI. Dr. Grady stated that Ms. Brownell had reached maximum medical improvement for the compensable lumbar sprain/strain. He also stated that lumbar disc bulging and herniation at L4-5 were chronic.

Ms. Brownell returned to Ms. Spooner on April 17, 2019, and was assessed with lumbar spondylosis. Ms. Spooner stated that Ms. Brownell's symptoms were worsening. On November 23, 2019, a lumbar MRI showed several central canal stenosis at L4-5 secondary to a disc protrusion and facet hypertrophy; bilateral L4-5 stenosis, worse on the left; and moderate central narrowing at L2-3 and L3-4 secondary to facet hypertrophy and annual disc bulges.

In a December 4, 2019, letter, Dr. Mazagri noted that despite losing a significant amount of weight, Ms. Brownell's back and leg symptoms persisted. A repeat MRI showed severe stenosis at L4-5 with foraminal narrowing and grade 1 spondylolisthesis. She wished to proceed with surgery. Dr. Mazagri completed a Diagnosis Update on December 12, 2019, listing lumbar spondylosis as the primary condition. No explanation of causality was provided.

On March 9, 2020, the claims administrator denied a request to add lumbar spondylosis to the claim. David Soulsby, M.D., performed an Independent Medical Evaluation on November 17, 2020, in which he opined that Ms. Brownell's lumbar spondylosis is a degenerative condition which was neither caused nor aggravated by the compensable injury.

In its February 22, 2021, Order, the Office of Judges affirmed the claims administrator's denial of the addition of lumbar spondylosis to the claim. After reviewing the evidence, the Office of Judges concluded that there was no medical evidence of record explaining how lumbar spondylosis was caused by the compensable injury. However, Dr. Soulsby directly opined that the compensable injury did not cause, contribute to, or aggravate Ms. Brownell's spondylosis, a chronic degenerative condition. The Board of Review affirmed the Office of Judges' Order on August 23, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). The burden of proof rests on Ms. Brownell to show that she sustained a compensable injury. The burden has not been met in this case because there is no medical evidence of record explaining how lumbar spondylosis resulted from the compensable injury.

Affirmed.

**ISSUED: May 2, 2023**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4